IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTIMUS A. COLLIER,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　**CIVIL NO. 10-cv-888-DRH**

**U.S. MARSHALS SERVICE,**

    **Respondents.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Alton Law Enforcement Center in Alton, IL brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

According to the instant habeas petition, Petitioner pled guilty on January 29, 2003 for the unlawful delivery of a controlled substance (720 ILL. COMP. STAT. 570 / 407(b)(2) in the Twentieth Judicial Circuit for the State of Illinois (St. Clair County) and was sentenced to 4 years of D.O.C.[1] Petitioner did not seek to appeal his sentence or conviction because he became time barred pursuant to Illinois Supreme Court Rule 303.[2]

Petitioner filed the instant action November 5, 2010, claiming that the Circuit Court in St. Clair County lacked jurisdiction to sentence him because the indictment was not signed by the prosecuting attorney, and a complaint was not filed. 28 U.S.C. §2244(d)(1) states that a Petitioner has a one year period in which to file a writ of habeas corpus. §2244(d)(1)(A) states that this period shall begin only after Petitioner's State post-conviction proceedings have been resolved. In this instance, Petitioner's statute of limitations began to run on February 28, 2003 after his appeal became time barred. Thus, Petitioner had until February 28, 2004 to file his writ of habeas corpus. As it is, Petitioner waited until November 5, 2010 to file his writ, well outside of the applicable statute of limitation.

In summary, because the petition was filed outside the applicable limitation period, Petitioner's action does not survive review under Rule 4.

---

[1] Petitioner does not explain what he means by a sentence of 4 years of D.O.C. This Court will assume that he means that he was sentenced to 4 years in prison.

[2] Rule 303 states, in relevant part, that a notice of appeal must be filed within 30 days of the entry of final judgment or within 30 days after all post-judgment motions are disposed of. Petitioner does not state in his petition why he was unable to meet this 30 day window.

Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: February 3, 2011**

*Signed: David R. Herndon*
2011.02.03
14:28:36 -06'00'

**Chief Judge**
**United States District Court**